# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CAMEROONIAN COUNCIL OF | ) | |
| TRANSITION et al | ) | |
| Plaintiffs, | ) | Civil Action No. |
| v. | ) | 18-1990   (EGS) |
| REPUBLIC OF CAMEROON et al | ) | |
| Defendants, | ) | |
| | ) | |

## PLAINTIFFS' MOTION FOR RECONSIDERATION OF THIS COURT'S MAY 2, 2019 ORDER

Pursuant to Federal Rule of Civil Procedure 59(e) and Hon. Judge Emmet G Sullivan's subjecting his ruling to a motion of reconsideration for good cause by no later than May 10, 2019, Plaintiffs respectfully request that the Court reconsider its May 2, 2019 Order dismissing the case based upon Plaintiffs' failure to persecute this action. In its Order, the Court relied on the fact that "Plaintiffs have not responded to the Court's April 1, 2019 Minute Order."

## ARGUMENT

Federal Rule of Civil Procedure 59(e) permits parties to file a motion to alter or amend a district court judgment within 28 days after the judgment is entered. Local Rule LCvR 72.2(b) permits any party to file written objections to a magistrate judge's ruling under paragraph (a) within 14 days after being served with the order of the magistrate judge, unless a different time is prescribed by the magistrate judge or the district judge.

(1) Plaintiffs did not understand the requirements of the court's Minute Order entered on 04/01/2019, which resulted to the court's decision to dismiss the case based upon Plaintiffs'

RECEIVED
Mail Room

MAY - 9 2019

Angela D. Caesar, Clerk of Court
U.S. District Court, District of Columbia

failure to prosecute the action because Plaintiffs failed to file proof of service or file status report.

For, in view of Supreme Court's decision in Republic of Sudan v. Harrison, No, 16-1094, --S. Ct.--, 2019 WL 1333259, at *2 (Mar. 26, 2019) (holding that 28 U.S. Code § 1608(a)(3), which requires a foreign state must be served by mailing the service packet directly to the foreign minister's office in the minister's home country rather than to the foreign embassy in the United States), the Plaintiffs mailed on April 23, 2019 at 2:20 PM a packet containing 97 printed summons and complaints and Hon. Judge Emmet G. Sullivan's Standing Order dated 09/04/2018 governing civil cases at the US District Court of DC to the Minister of External Relations of the Republic of Cameroon at his ministry's street address 703, rue 1025 Hippodrome, Yaounde 1st, Cameroon.

Because Hon. Judge Emmet G. Sullivan ordered that, by no later than April 25, 2019, Plaintiffs shall either file proof of service with the court or file a status report informing the Court of Plaintiffs' attempts to serve Defendants pursuant to 28 U.S.C. & 1608(a), Plaintiffs understood, not knowing it was mistakenly, that the court required them to provide hard evidence that the Defendants actually received the packet in order to be considered service.

(2) Plaintiffs were trying very hard to find necessary information in order to provide the court with proof of service but did not find the information within the stated time period.

Because paragraph 28 U.S. Code § 1608(a)(3) states that service is acceptable "by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt," Plaintiffs understood, not knowing it was mistakenly, that they are required to provide evidence of the minister of external relations' "signed receipt" in order to comply with Hon. Judge Emmet G. Sullivan's MINUTE ORDER dated 04/01/2019.

Yet the USPS mail the Plaintiffs sent on 04/23/2019 being deliverable to the addressee only within 5 to 10 days, and while Plaintiffs kept tracking the package, the court-ordered date limit of April 25, 2019 passed before plaintiffs could receive any evidence that the minister of external relations received the package.

Even till this day, May 7, 2019, according to USPS Tracking report hereby attached, even though USPS made an attempt to deliver the packed to the Minister of External Relations of Cameroon on May 3, 2019 at 1:58 PM in Yaounde, Cameroon, USPS couldn't do it and reported that "Addressee requests own pick-up - Item being held, addressee being notified".

Plaintiffs have been trying hard, in good faith since April 23, 2019, to collect any proof of service in order to present it to the court.

Moreover, Plaintiffs were unable to serve 5 Defendants among the 104 listed in the complaints (2 names of Defendants being mistakes to erase) because of missing clerk-signed summons. For the Plaintiffs mistakenly did not keep copies of the signed summons after they mailed the USPS

packet to Cameroon's Embassy on 12/06/2018. Plaintiffs respectively pray, along with this motion of reconsideration, the Clerk of the Court to sign and mail over to them summons to be served to Defendants Ferdinand Ngoh Ngoh, Emile Joel Bamkoui, Henry Tchinda Mbouzekou, Ngalle Bebehe Jean Ernest and Ngwaboubou Ernest; for they were not served on 04/23/2019.

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully ask that the Court reconsider its May 2, 2019 ruling to the extent that Plaintiffs did not understand the requirements of the court's Minute Order and Plaintiffs were trying very hard to find necessary information in order to provide the court with proof of service but did not find the information within the stated time period.

Respectfully submitted

Seme Ndzana